*316 FINAL ORDER

I. FACTS AND PROCEDURAL BACKGROUND

Petitioner/Appellee and Respondent/Appellant were married until November 1, 1994, at which time the Hopi Tribal Court entered a Final Judgment dissolving the marriage of the parties. At this time the Hopi Court awarded the parties joint legal custody over the parties’ three children, with primary physical custody of the children to lie with Petitioner/Appellee.
The Hopi Court further ordered Respondent/Appellant to pay child support payments of $50.00 per child per month to the Petitioner/Appellant through the registry of the court. Upon employment of Respondent/Appellant, child support was to be increased to $150.00 per child per month. The payments were to begin on the 30th day of November 1994, and were to continue to be due on the 30th day of each successive month until each child graduated from high school or until further order from the court. Respondent/Appellant did not file an appeal nor seek any other form of relief at this time.
On October 1, 1997, Respondent/Appellant signed an employment contract and began employment on the same day with the Hopi Jr./Sr. High School. Respondent *317 continues to be employed with the Hopi Jr./Sr. High School.
In March of 1998, Petitioner/Appellee filed a Petition For Order to Show Cause For Failure to Pay Child Support with the Hopi Court. The Hopi Court heard the case in September 1998, and found that Respondent/Appellant was in contempt of court for his willful failure to comply with the court’s order of November 1994. The court determined the amount of arrearage to be $4,350.00. The court further ordered in section five of the Order that:
Respondent is to work out a satisfactory arrangement with Petitioner on how he will pay the arrearage and submit a report to the Court one week from the date of entry of this judgment. If no report is received by the Court by such date, Respondent shall immediately be remanded to jail and remain in jail until the arrearage is satisfied.
After the court issued its Order, Respondent/Appellant filed a Motion to Vacate Final Judgment. Respondent/Appellant argued that (1) Petitioner did not provide any evidence to the court to support the amount of arrearage owed, such that the court could not have made a reasonable determination of the arrearage owed; and (2) that the court, denied Respondent the opportunity to obtain certified documents and present them to the court to show that the amount of arrear-age should be credited for expenses incurred while the children were living with Respondent.[1] On November 6, 1998 the court entered its Order denying Respondent/Appellant’s Motion to Vacate Final Order. The court concluded that there was no legal authority for Respondent/Appellant’s argument.
On January 20, 1999, Petitioner/Appellee filed a Motion for Entry of Order Setting Amount of Monthly Payments with regards to the child support arrearage. Pursuant to an agreement worked out with Respondent/Appellant, the Motion stated that Respondent agreed to pay $100.00 per month towards the child support arrearage on a bi-weekly schedule, with the first $50.00 to be paid on or before February 5, 1999.
On February 8, 1999, Respondent/Appellant filed a Notice of Appeal in which he asserted: (1) the trial court erred in refusing to allow documentation from Respondent/Appellant substantiating the correct amount of the arrearage to be paid; (2) the trial court erred in denying his Motion to Vacate Final Judgment of September 22,1998; (3) the trial court erred in allowing the Petitioner/Appellee to place into the record the amount of arrearage without proper foundation or evidence; and (4) that the trial court failed to make factual findings in support of its rulings on motions. Petitioner/Appellee filed a Motion to Dismiss Appeal on the grounds that the Appeal was untimely.
This Court heard oral arguments on April 22, 1999.

II. DISCUSSION

This Court finds that, pursuant to Rule 37(c), Respondent/Appellee’s Appeal was untimely. Rule 37 of the Hopi Indian Rules of Civil and Criminal Procedure provides the procedures to be followed in filing an appeal. Specifically, Rule 37(c) supplies the time limit for filing an appeal, stating:
*318 Within 20 days from the entry of the order of judgment appealed from the party taking appeal must file with the trial court a written notice of appeal specifying the parties to the appeal, the order or judgment appealed from, and a short statement of the reason or grounds for the appeal.
Respondent/Appellant contends that the Appeal is within the time limit provided for by Rule 37(c) because the Hopi Court’s Order of September 3, ,1998 is not final. In the alternative, Respondent/Appellant argues that time to appeal expired, but that Petitioner/Appellee’s Motion for Entry of Order Setting Amount of Monthly Payments was an amendment to the Final Order of September 3, 1998, and that, pursuant to the Federal Rules of Appellate Procedure (F.R.A.P.), the appeal should be allowed.

A. The Finality of the September 3, 1998 Order

Respondent/Appellant contends that because the September 3, 1998 Order mandated that the two parties should meet to set up the terms of the arrearage payments and that this meeting was never set up, that the Order is not final. Under this approach, until such time as the meeting occurs, there is no final Order. Respondent/Appellant argues that his Motion for Appeal was timely because there was no final Order, and therefore the 20 day tolling period never began.
The Coui't is unpersuaded by Respondent/Appellant’s argument. The Order’s mandate of a meeting between the two parties was final when it was issued. Subsequent failure by either party to fulfill this mandate opens the door to potential further litigation, but it does not effect the finality of the Hopi Court’s Order.
The Hopi Court’s September 3, 1998 Order provided:
Respondent is to work out a satisfactory arrangement with Petitioner on how he will pay the arrearage and submit a report to the Court one week from the date of entry of this judgment.
The Order also provided that the balance to be paid to Petitioner/Appellee by Respondent/Appellant was $4350.00. According to Respondent/Appellant’s argument, if he did not make any payments of this amount for ten years, he could, ten years from now, still file an appeal of the Order. He would be able to file an appeal, because the Order, mandating the balance to be paid, would not be paid off. Until this balance was paid off the Order would not be final.
This Court does not agree with the assessment of the finality of Orders. The mandates of the Order set the requirements to be met by the parties. It is final when it is issued. Failure to satisfy the mandates of an Order does not effect its finality. Instead, if a mandate of a Final Order is not met, the party adversely impacted can seek recovery in a subsequent court proceeding.
Therefore, the Hopi Court’s September 3, 1998 Order was final. Respondent/Appellant’s Motion to Appeal, filed February 8, 1999 is well beyond the twenty days prescribed by H.I.R.C.C.P. Rule 37(c) and is therefore dismissed.

B. The January 20, 1999 Motion

Respondent/Appellant contends that even if the September 3, 1998 motion was final, the Motion for Entry of Order Setting Amount of Monthly Payments of January 20, 1999 was an amendment to the Order. Respondent/Appellant further urges the Court to accept the Federal Rules of Appellate Procedure. Rule 4(a)(4)(A) provides that [T]he time to file an appeal runs for all parties from the *319 entry of the order disposing of the last such remaining motion ... to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment . . . Accordingly, Respondent/Appellant argues that Petitioner/Appellee’s January 20, 1999 Motion was an amendment or required additional fact findings to the Hopi Court’s September 3, 1998 Order.
Even if the Court decided to adopt the Federal Rules of Appellate Procedure, the Court is unpersuaded with Respondent/Appellant’s argument. The January 20, 1999 Motion was a Motion for Entry of Order Setting Amount of Monthly Payments. The purpose of the Order was to set the amount of monthly payments on an amount, $4350, that had already been established. Significantly, this motion did not alter the previous findings of the Hopi Court or its Order in any way, and required no additional fact finding for the Court. For these reasons, the Court considers the January 20, 1999 motion to be, at most, supplemental to the September 1998.
Therefore, as the January 20, 1999 motion was not a motion to amend the final Order of September 3, 1998 and the motion did not require any additional fact finding, even if the Federal Rules of Appellate Procedure were adopted by this Court they would not provide a greater period of time for the Respondent/Appellant to file an appeal.

III. CONCLUSION

For the foregoing reasons this Court hereby dismisses the Respondent/Appellant’s Motion for Appeal.

. The Hopi court had already credited Respondent/Appellant $900 (the total arrearage of Respondent/Appellant was $5250-this was credited $900 to arrive at $4350). Respondent/Appellant, claimed, however, that the actual amount that should have been credited was much higher.